```
        IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                               *
WOODROW B. THOMPSON, III,
                               *
     Plaintiff,
                               *
          v.                        CIVIL NO.:  WDQ-09-1755
                               *
NOVAPRO RISK SOLUTIONS, LP,
et al.                         *

     Defendants.               *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Woodrow B. Thompson, III, sued NovaPro Risk Solutions, LP ("NovaPro"), Cynthia Sadler, and Diane Lightfoot-Smith for violations of Title VII of the Civil Rights Act of 1964[1] and 42 U.S.C. § 1981 and various state law claims.[2]  Pending are Thompson's motions to remand[3] and for a protective order.  For the following reasons, the motions will be denied.

---

[1]  42 U.S.C. §§ 2000e et seq.

[2]  The claims include defamation, intentional infliction of emotional distress ("IIED"), and sexual harassment.

[3]  Paper No. 22, captioned as a "motion to amend/correct motion to remand," seeks to assert new arguments and oppose Lightfoot-Smith's consent to removal.  The Court will consider this a supplemental motion for remand.

I.   Background[4]

On March 3, 2008, Thompson began work as a claims adjuster in the Baltimore County office at NovaPro, an independent claims adjusting service.  Woodrow B. Thompson, III Aff. ¶ 10, April 14, 2009.  He was hired through Insurance Recruitment Specialists ("IRS"), an employment agency, with the understanding that he would become a permanent employee after four months of satisfactory work.  *Id*. ¶¶ 11, 13.  Sadler was Thompson's supervisor at NovaPro.  Compl. ¶ 19.

Sadler "attempted to start an intimate relationship" with him, but he "rejected her advances."  Thompson Aff. ¶ 16.  Sadler responded by assigning him "busy work," which prevented him from keeping up with his caseload.  *Id*. ¶¶ 28, 31.

On June 16, 2008, Thompson arrived at the NovaPro office to find the office doors locked.  *Id*. ¶ 38.  This was unusual, and he could see people inside the building; Thompson was concerned and called the police on his cell phone.  *Id*. ¶¶ 40-42.  When the police arrived, Sadler and Lightfoot-Smith[5] told Officer White of the Baltimore County Police Department that Thompson

---

[4] Because Thompson argues that the complaint fails to allege facts upon which subject matter jurisdiction can be based, "all the facts alleged in the complaint are assumed to be true."  *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  Thompson also filed an affidavit and the police report with his complaint.

[5] Lightfoot-Smith was also a claims adjuster at NovaPro.  Compl. ¶ 8.

had threatened to burn down the NovaPro office, which he denied. Compl. ¶ 11.  Sadler also told the police dispatch that Thompson had "threatened to take her out."  *Id*. ¶ 17.  Thompson was named as a "suspect" for a "threat of arson" in Officer White's police report.  *Id*. Ex. 3.  After this incident, Thompson learned that he had been terminated from NovaPro on June 13, 2008.  *Id*. ¶ 19.

On March 5, 2009, the EEOC dismissed Thompson's sexual harassment claims and issued a right to sue letter.  Compl. Ex. 1.  On June 2, 2009, Thompson filed suit in the Circuit Court for Baltimore City.  *See* Paper No. 2.  On July 6, 2009, the Defendants filed a notice of removal in this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1367.  Paper No. 1.

On August 3, 2009, Thompson filed a motion to remand. Paper No. 15.  On August 27, 2009, Thompson filed a motion to amend his motion to remand.  Paper No. 22.  On October 2, 2009, Thompson filed a motion for a protective order.  Paper No. 27.

II. Analysis

    A.   Motion to Remand

        1.   Standard of Review

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless expressly prohibited.  28 U.S.C. § 1441(a) (2006).  The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States," *Id*. § 1331, and supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." *Id*. § 1367(a).[6]

Claims are part of the same case or controversy if they derive from a common nucleus of operative facts. *Axel Johnson v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 662 (4th Cir. 1998)(*quoting United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)). "Most federal courts require only a loose factual connection between claims to satisfy the requirement that claims arise from a common nucleus of operative fact." *Posey v. Calvert County Bd. of Educ.*, 262 F. Supp. 2d 598, 600 (D. Md. 2003)(internal quotation omitted); *see also* 13B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3567.1 at 117 (2d 1984).

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to

---

[6] The court may decline supplemental jurisdiction when: (1) a claim raises novel or complex issues of state law, (2) the state claim substantially predominates, (3) all claims over which the court had original jurisdiction are dismissed, or (4) there are exceptional circumstances.  42 U.S.C. § 1367(c).

4

state court.  *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).[7]

    2.   Motion to Remand[8]

Thompson argues that this case was improperly removed because "Congress never intended complete preemption of State laws addressing employment discrimination issues." Pl.'s Mot. Remand 7.  The Defendants contend that this case was properly removed because the Court has original jurisdiction over Thompson's Title VII and § 1981 claims and supplemental jurisdiction over his related state law claims. Def.'s Opp. Remand 2-5.

Here, all Thompson's claims arise from alleged retaliation against him for refusing Sadler's advances.[9]  It is well settled

---

[7] *See also McGinty v. Player*, 396 F. Supp. 2d 593, 597 (D. Md. 2005); 28 U.S.C. § 1447(c) (2006) ("If at any time before final judgment it *appears* that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added).

[8] Lightfoot-Smith had not been served when NovaPro and Sadler filed the notice of removal. Paper No. 25 at 2.  She filed a notice of consent to the removal on August 17, 2009, Paper No. 20, and joined the Defendants' opposition to Thompson's motion to remand. Def.'s Opp. Removal 1.  Thus, Thompson does not need to amend his motion to remand to join Lightfoot-Smith, as she has presented her arguments in the Defendants' opposition to the initial motion.

[9] Thompson's allegations of retaliation for refusing Sadler's advances include: (1) defamatory statements by Sadler and Lightfoot-Smith, (2) verbal harassment, (3) interfering with his ability to complete his work, (4) demeaning him to co-

5

that the Court has original, federal question jurisdiction over Title VII and § 1981 claims.[10] Because Thompson's state law claims have a reasonable factual connection to his Title VII and § 1981 claims,[11] the Court may exercise supplemental jurisdiction over those state law claims.[12] As the Court has original jurisdiction over his federal claims and supplemental jurisdiction over his related state claims, removal was proper, and Thompson's motion to remand will be denied.

    3.    Supplemental Motion to Remand[13]

In a supplemental motion, Thompson argues that removal under 28 U.S.C. § 1441(b) was improper, and this case should be remanded for lack of complete diversity. Diversity jurisdiction

---

workers, and (5) terminating his employment. *See* Compl. ¶¶ 12, 20.

[10] *See Shoaf v. Kimberly-Clark Corp.*, 294 F. Supp. 2d 746, 759 (M.D.N.C. 2003)(Title VII); *Jordan v. Hutcheson*, 323 F.2d 597, 601 (1963)(§ 1981).

[11] Thompson acknowledged that his federal and state law claims were "interrelated" because they were "based on the same set of operative facts." Compl. ¶ 2.

[12] Thompson's arguments to remand are unavailing because the absence of federal preemption has no effect on the Court's exercise of supplemental jurisdiction over his state law claims.

[13] Lightfoot-Smith joined the Defendants' opposition to the initial motion to remand, arguing that the Court had federal question and supplemental jurisdiction over all the claims raised in the complaint. Those arguments are repeated in the Defendants' opposition to the supplemental motion. *See* Paper Nos. 25, 26.

was not the basis for removal.[14]  Because this case was properly removed on the basis of federal question and supplemental jurisdiction, the Court must deny this supplemental motion to remand.

    B.   Motion for Protective Order

The motion for a protective order to stay discovery until the decision on remand is moot and will be denied.

III. Conclusion

For the reasons stated above, Thompson's motions to remand and his motion for a protective order will be denied.


<u>December 10, 2009</u>                      <u>          /s/             </u>
Date                                         William D. Quarles, Jr.
                                          United States District Judge

---

[14] *See* Paper No. 11 (removal by NovaPro and Sadler "is not predicated on diversity jurisdiction); Paper No. 20 (Lightfoot-Smith "understands that removal . . . is not predicated upon diversity jurisdiction, but, instead, upon federal question jurisdiction").